HUNT, Respondent, vs. HERNANDEZ, Appellant.

1. The Law Commissioner of St. Louis county cannot affirm the judgment of a justice of the peace, for the non-payment of the fee given him by the act of February 17th, 1851, upon the filing of the appeal papers.

*Appeal from St. Louis Law Commissioner's Court.*

The respondent, Hunt, sued the appellant, Hernandez, on account for $90, before Justice Johnstone, on the 3d of January, 1851. Justice Johnstone gave judgment for the plaintiff. Hernandez prayed an appeal to the Law Commissioner's

Court, which was duly perfected, and a transcript deposited in the office of the law commissioner, on the 25th of July, 1851, but not filed, on account of the non-payment of the fee of one dollar. On the 7th of August, 1851, Hunt, the plaintiff in said suit, appeared, paid the tax of one dollar, and caused the transcript to be filed, and the judgment was affirmed by the law commissioner, on the ground that the defendant had not paid it. The appellant (defendant below,) filed a motion and affidavit, to set aside the judgment of affirmance and reinstate the cause on the docket, which motion was overruled. The affidavit is made by the wife of the appellant, and states that the appellant was absent when the trial was had before Justice Johnstone. He was a pilot on the steamboat Duroc; that Asher, her son-in-law, prayed an appeal, and it was duly perfected; that she had paid Justice Johnstone one dollar and a half, having understood from said justice that this sum was all that was required; that she' believed every thing had been done necessary to have the case entered on the docket in the Law Commissioner's Court; she did not know another dollar was required, was not aware that any rule had been adopted by the court, as to said tax of one dollar; that the dollar was tendered on the 12th of August, 1851, and refused by the court; that the appellant had returned, and left again, under the belief that the case was regularly before the court, and that he had a good and substantial defence, and alleges want of jurisdiction, and offers to pay the tax of one dollar.

The grounds of the motion are :

1. The reasons set out in the affidavit.

2. The judgment of affirmance was illegal and oppressive.

3. There was no rule of the court generally known.

4. Want of jurisdiction.

*Morehead*, for appellant, insisted that the fee given the Law Commissioner, by the 12th section of the act of 1851, is a personal benefit, and he may either remit it or give credit for it. If he does not wish to give credit, he must refuse to file the transcript, or to take possession of the case. If he files

it, no matter on whose application, he must try the case on its merits.

GAMBLE, Judge, delivered the opinion of the court.

It is unnecessary in this case to consider the sufficiency of the cause set forth in the affidavit, filed in support of the motion made to set aside the judgment of affirmance entered by the law commissioner.

Although great prominence is given to the matter of fees to be paid to the law commissioner, in every act which concerns his office, and although the act of 17th of February, 1851, in the 12th section, allows him to charge a fee of one dollar, to be paid on the filing of " each appeal case" from a justice of the peace, there appears to be no provision for his affirming the judgment for the non-payment of the dollar. The transcript, in this case, begins by reciting that the appeal was filed on the 25th of July, 1851, and then sets out the proceedings before the justice, and an appeal perfected on the 19th of July. On the 7th of August following, the law commissioner orders " that the judgment of the justice rendered herein, be affirmed, appellant making default in the payment of the fee, given by law to the commissioner, upon the filing of the appeal papers." The appellant moved to set this order or judgment aside, and the motion was overruled.

When the appeal was filed, if it was filed upon credit, the commissioner must collect his dollar with his other fees. If some other person than the appellant paid the dollar, to give the commissioner possession of the case, he must proceed to determine the case upon its merits. He is not allowed to take possession of the case for the purpose of affirming the judgment of the justice, because his dollar has not been paid.

Let his judgment be reversed and the case be remanded.