GRASSMUCK, Respondent, v. ATWELL & PIONEER, Appellants.

1. The Law Commissioner of St. Louis county can not, in case of an appeal from a justice of the peace, where the justice fails to deliver a transcript, &c., affirm the judgment appealed from, upon the filing of a transcript by the appellee, and a motion made by him for its affirmance.

*Appeal from St. Louis Law Commissioner's Court.*

This was a suit originally instituted before a justice of the peace. Plaintiff obtained judgment, and defendants appealed August 25th, 1855. On the 2d day of October, 1855, the plaintiff, the appellee, presented the appeal to the Law Commissioner's Court and moved the court to cause the same to be filed, and to affirm the judgment of the justice on the ground that the appellants had failed to prosecute their appeal according to law. The court affirmed the judgment upon this motion. The defendants made a motion to set aside this affirmance, which being overruled, they appealed to this court.

*Bland & Coleman,* for appellants, cited 16 Mo. 170 ; 17 Mo. 246 ; Sess. Acts, 1851, p. 242, § 6 ; R. C. 1845, p. 670, § 13 ; Sess. Acts, 1853, p. 4 and 5, § 1.

*Dedman* and *Lewis,* for respondent, cited Sess. Acts, 1851, p. 242 ; R. C. 1845, tit. Costs, § 16 ; 13 Mo. 226 ; 15 Mo. 249.

Scott, Judge, delivered the opinion of the court.

It is an error to suppose that the proceedings on an appeal from a justice's court to the court of the law commissioner, are the same as on an appeal from one of the superior courts to the Supreme Court. When an appeal is granted to the Supreme Court, it is the duty of the appellant to obtain a transcript of the proceedings and file it within the time prescribed by law; otherwise the appellee may take a copy of the record, present it to the Supreme Court, and have the judgment affirmed. All this is by statute law. Nothing like these are the proceedings on an appeal from a justice's court to the Law Commissioner. The appellant has nothing to do with the transcript in such cases. It is made the duty of the justice, within six days after an appeal is perfected, to deliver the transcript and other papers to the Commissioner, who is required to set the appeal for trial on a certain day, which shall not be less than fifteen nor more than thirty days from the day of delivering the transcript. Now it appears from the record that this was never done; but the appellee presented to the court the appeal and prayed that it might be filed and the judgment affirmed, because the appellants had failed to prosecute their appeal according to law. This motion was sustained. Now, where is there any authority for this? After an appeal is set for trial on the docket and it is regularly called, if the appellant fails to prosecute it, then the judgment may be affirmed. Where did the appellee get any authority to take a transcript, and move to have it filed and the judgment affirmed?

We adhere to the case of Hunt v. Hernandez, (16 Mo. 170,) and Boyle v. Skinner, (17 Mo. 246,) which hold that the Law Commissioner can not file the papers in a case appealed from a justice, and affirm the judgment for the nonpayment of his fee.

The judgment is reversed, and the cause remanded; the other judges concurring.